**Opinion filed March 8, 2018**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-17-00298-CR & 11-17-00306-CR

_____

## JUAN MANUEL ALDAY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause Nos. 16179 & 16180**

## M E M O R A N D U M   O P I N I O N

Based upon an open plea of guilty in each cause, the trial court convicted Juan Manuel Alday of the first-degree felony offense of possession with intent to deliver between four and two hundred grams of methamphetamine and the third-degree felony offense of unlawful possession of a firearm by a felon. Both offenses were enhanced by two prior felony convictions, allegations to which Appellant pleaded true. The trial court held a hearing as to punishment, convicted Appellant of the

offenses, found the enhancement allegations to be true, and assessed Appellant's punishment at confinement for sixty years for each offense—to run concurrently. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the records and applicable law and concludes that the appeals are frivolous and without merit. Counsel has provided Appellant with a copy of the brief, the motion to withdraw, the reporter's record, and the clerk's record with respect to these appeals. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Appellant has not filed a response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have

---

[1]This court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

independently reviewed the record, and we agree that the appeals are without merit and should be dismissed.  *See Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court.  TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68.").  Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

We grant the motion to withdraw in each cause, and we dismiss the appeals.

PER CURIAM

March 8, 2018

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.